FILED IN CHAMBERS
U.S.D.C. Rome

MAR 06 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Advanced Telemedia, L.L.C.,

    Plaintiff,

v.

Charter Communications, Inc.,

    Defendant.

CIVIL ACTION

NO. 1:05-CV-2662-RLV

## O R D E R

Pending before the court is Charter's Motion for Reconsideration [Doc. No. 176-1]. Charter moves this court to reconsider the February 28, 2007 order [Doc. No. 175], in which this court directed Charter to fully comply with its November 27, 2006 order [Doc. No. 164] and provide the relevant customer invoice information in a format that is both useful and agreeable to ATM.

Upon considering Charter's motion and ATM's response, the court concludes that there may be significant difficulties with producing individual customer invoices in a format that enables an electronic calculation of damages. Even so, the fact that difficulties may exist does not relieve Charter of its responsibility to produce information that permits a reasonable determination of damages arising from its breach of the agreements with ATM. It is important to keep in mind that the purpose of producing useful customer information is to determine damages. To that end, the parties have focused their arguments on the ability to format the digitally recorded customer invoices for the period between October 2002 and January 2003 in such a way as to calculate

the precise amount of damages. Accordingly, the November 27 and February 28 orders considered that narrow issue.

Nevertheless, those orders do not foreclose alternative courses of action aimed at accomplishing the overall purpose, i.e. determining damages. In support of their arguments, both Charter and ATM have discussed utilizing different methods for determining damages. However, because the arguments have not substantively discussed the merits of any alternative methodology or the objections to presenting such evidence, this court does not consider any potential alternative at this time.

Compliance with this court's orders, while it may be difficult in this particular case, is not optional. Charter is still responsible for providing the required information in a format that is useful for determining damages and agreeable to ATM. However, considering that the object of providing the information is to determine damages and that there may now exist unforeseen challenges with doing so in an individual customer invoice format, Charter and ATM may present an alternative methodology for calculating damages. Essentially, there are three courses of actions available: (1) Charter provides the individual customer invoice information in a format that is both useful and agreeable to ATM, (2) Charter and ATM jointly develop and propose a methodology for calculating damages, or (3) Charter and ATM submit their own proposed methodologies for determining damages.

2

Given these options, the parties hereby have ten days from the date this order is docketed to report on their respective plans to effect compliance with this court's previous orders or to utilize an alternative method for calculating damages. Therefore, Charter's Motion for Reconsideration [Doc. 176-1] is DENIED. The pretrial order deadline extension granted in this court's March 5, 2007 order [Doc. No. 179] will not commence until after this court considers the parties' reports pursuant to this order.

SO ORDERED, this 6th day of March, 2007.

_____
ROBERT L. VINING, JR.
Senior United States District Judge